P. Livingston, Senator.
I concur in the general rule as laid down by the chancellor and judges ; but there may be exceptions to the rule. Suppose the case of a fine levied, where the Supreme Court may not have any reasons for their judgment to state, is the party aggrieved to be deprived of his writ of error ? In the case of Cheetham v. Tillotson, (5 Johns. Rep. 430. 4 Johns. Rep. 499. S. C.) a judgment was rendered by default, in the Supreme Court, in a suit for a libel, and the *372 principal ground assigned for error was not raised or decided uPon ⅛ that court; yet this court heard the cause, and reversed the judgment of the court below. , I admit, that when the door of the Supreme Court, or of the Court of Chancery, is open to the party, and he does not choose to avail himself of judgment of those tribunals, but, waiving all discussion of his rights there, brings his case here, to be examined in the first instance, he ought not to be heard in this court. But I think that this case is an exception.
Hammond, Senator,
said, that this case was distinguishable from those cited, and that it ought to be heard.
H. Yates, Senator,
said, he thought the present case was an exception to the general rule. Suppose a verdict had #been found for one hundred dollars damages, on which a judgment had been entered for ] ,000 dollars, and a term had elapsed, so that the Supreme Court, according to their rules of practice, would not interfere, ought the party to be remediless ?
Spencer, Ch. J.,
observed, that the objection now made was not raised in the case of Cheetham v. Tillotson,
A majority of the court (the chancellor and fifteen senators) being of opinion, that the writ of error ought to be quashed, the following judgment was entered; “It appearing to this court, from the case agreed upon by the counsel for the respective parties, that the plaintiff in error suffered judgment upon demurrer to be entered against him by default, in the court below ; it is thereupon ordered and adjudged by this court, that the writ of error in this cause be quashed, and that the plaintiff in error pay to the defendants for their costs in this court to be taxed ; and it is further ordered and adjudged, that the record be remitted to the Supreme Court, to the end, that the defendants may have execution, as well for such costs, as for the damages and costs recovered in the said court, and also interest on the said judgment from the time it was rendered, to be taxed with the costs in this court.”
Writ of error quashed, (a)

{a) Vide Golden v. Knickerbacker, 2 Cowen's Rep. 31.